UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 4:14-CR-199 |
| | § | |
| DANIEL GARZA-RODRIGUEZ | § | |

## MEMORANDUM AND ORDER

Daniel Garza-Rodriguez pled guilty to one count of illegal re-entry by a previously deported alien in violation of 8 U.S.C. § 1326. This Court sentenced him to a 42 month term of imprisonment, and three years of supervised release. *See* Judgment (Dkt. No. 27).

This case is now before the Court on Garza-Rodriguez' motion to vacate, set aside, or correct his sentence (Dkt. No. 30), and the government's motion for summary judgment (Dkt. No. 41). Garza-Rodriguez did not respond to the government's motion.

Having carefully considered Garza-Rodriguez' motion, the government's motion, all the arguments and authorities submitted by the parties, and the entire record, the Court is of the opinion that the government's motion should be granted, and Garza-Rodriguez' motion should be denied.

**I.      Applicable Legal Standards**

Garza-Rodriguez brings this motion under 28 U.S.C. § 2255, which provides for relief "for errors that occurred at trial or sentencing." *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001). The motion contends that Garza-Rodriguez' sentence was enhanced based on prior convictions for two crimes of violence, the definition of which Garza-Rodriguez contends is unconstitutionally vague.

The government moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Rule 56(a) provides for the entry of judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

III. **Analysis**

In *Johnson v. United States*, 135 S.Ct. 2551 (2015), the Supreme Court held that a provision of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) is unconstitutionally vague. The ACCA provides for enhanced penalties for a defendant convicted of being a felon in possession of a firearm if that defendant has three or more prior convictions "for a violent felony or a serious drug offense, or both . . . ." The statute defines "violent felony" as a crime that

> **(i)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> **(ii)** is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2)(B). In *Johnson*, the Supreme Court held that the residual clause of the ACCA, *i.e.*, the clause enhancing penalties for a defendant previously convicted of a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague. The Court specifically stated that the decision did not affect "the remainder of the Act's definition of a violent felony." *Johnson*, 135 S.Ct. at 2563. Garza-Rodriguez, however, was not sentenced under the ACCA.

Rather, Garza-Rodriguez argues that a definition of "crime of violence" used in the federal sentencing guidelines, *see* U.S.S.G. § 2L1.2(b)(1)(A), and a similar residual clause in 18 U.S.C. § 16(b), suffer from the same unconstitutional vagueness as the residual clause of the ACCA. Under U.S.S.G. § 2L1.2(b)(1)(A)(ii), a defendant receives a 16 level increase in his

base offense level "[i]f the defendant was previously deported, or unlawfully remained in the United States, after — (A) a conviction for a felony that is . . . (ii) a crime of violence . . . [and] the conviction receives criminal history points under Chapter Four." The guidelines define "crime of violence" as including burglary of a dwelling. U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). Garza-Rodriguez was previously convicted of burglary of a habitation under Texas law. Thus, unlike the residual clause at issue in *Johnson*, the crime of violence used to enhance Garza-Rodriguez' sentence is specifically defined in the relevant guideline, and is in no way vague.

Garza-Rodriguez also argues that his sentence was enhanced based on a finding that he had a prior conviction for an aggravated felony. The relevant guidelines definition of "aggravated felony" relies on the "crime of violence" definition found in 18 U.S.C. § 16(b). Garza-Rodriguez contends that *Johnson* also renders the residual clause of § 16(b) unconstitutional.

The government argues that Garza-Rodriguez was not sentenced under § 16(b). In any event, the Fifth Circuit recently held that § 16(b) is not unconstitutionally vague. *See United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016)(*en banc*). Therefore, Garza-Rodriguez fails to identify any constitutional flaw in his sentence.

### IV. Conclusion

For the foregoing reasons, Garza-Rodriguez is not entitled to relief. His motion is therefore denied, and the government's motion for summary judgment is granted.

### V. Certificate Of Appealability

Garza-Rodriguez has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district

court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A defendant may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A COA may issue only if the defendant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A defendant "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000).

This Court has carefully reviewed the record in this case. The Court finds that Garza-Rodriguez has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court concludes that Garza-Rodriguez is not entitled to a certificate of appealability.

## VI. Conclusion And Order

For the foregoing reasons, it is ORDERED as follows:

A. The government's motion for summary judgment (Dkt. No. 41) is GRANTED;

B. Daniel Garza-Rodriguez' motion to vacate, set aside, or correct sentence (Dkt. No. 30) is DENIED; and

C. No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 24th day of May, 2017.

_____
Kenneth M. Hoyt
United States District Judge